**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Marissa Montes,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-00516-TUC-RM (LCK)

**ORDER**

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Doc. 20), which is supported by the Affirmation of attorney Matthew McGarry (Doc. 21) and the attached timesheets, assignment of fees, and memorandum of law (Docs. 21-1, 21-2, 21-3, 21-4, 21-5.). Plaintiff requests an award of attorney's fees in the amount of $8,179.46 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20.) Defendant does not oppose the request and defers to the Court's assessment. (Doc. 22.)

A financially eligible litigant is entitled to attorney's fees under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees . . . are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); *see* 28 U.S.C. § 2412(d)(1)(A). Here, there is no dispute that Plaintiff is a financially eligible prevailing party,[1] and Defendant does not contend that the Government's position

[1] Plaintiff avers that her net worth did not exceed $2,000,000.00 at the time this action was filed (Doc. 21-4 at 2; Doc. 21-5 at 2), and Defendant does not challenge that averment. *See* 28 U.S.C. § 2412(d)(2)(b).

was substantially justified or that special circumstances make an award unjust.

To determine what constitutes a reasonable attorney's fee, the Court "multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (internal quotation and alteration marks omitted). Here, Plaintiff requests an hourly rate of $258.46 per hour for 28.6 hours of attorney work. (Doc. 21 at 2.) The Court has reviewed the itemized time sheets submitted by Plaintiff and finds that the hours claimed were reasonably expended on this litigation. Furthermore, the rate claimed for attorney work is within the maximum EAJA hourly rate in the Ninth Circuit for work performed in 2025,[2] and the Court finds the rate reasonable.

As part of an EAJA fee award, a party may recover fees for paralegal services at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests $125 per hour for 6.3 hours of paralegal work. (Doc. 21 at 2.) This rate is in line with prevailing market rates. *See Allen v. Comm'r of Soc. Sec. Admin.*, No. CV-22-02154-PHX-JAT, 2026 WL 44805, at *4 (D. Ariz. Jan. 7, 2026) (approving $100 per hour for paralegal work). The Court finds the rate reasonable, particularly in light of the lack of objection.

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 20) is **granted**, as follows:

1. Plaintiff is awarded $8,179.46 under the Equal Access to Justice Act, 28 U.S.C. § 2412.

. . . .

. . . .

. . . .

. . . .

. . . .

[2] *See* U.S. Cts. for the Ninth Cir., *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sept. 15, 2026).

2. If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees are not subject to offset under the Department of the Treasury's Offset Program, payment shall be made either electronically or by mail to Olinsky Law Group. If Plaintiff has a debt subject to offset, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorneys' office.

Dated this 18th day of September, 2026.

Honorable Rosemary Márquez
United States District Judge